

Joanne B. Wills, Wilmington, Del., for debtor.

Lisa J. Sommers, Detroit, Mich., for Supreme Distributors Co.

Michael B. Joseph, Wilmington, Del., for Unsecured Creditors Committee.

Bruce Frankel, New York City.

**In the Matter of ACTION DRUG COMPANY, INC., Debtor.**

**Bankruptcy No. 89–443.**

United States Bankruptcy Court, D. Delaware.

Dec. 29, 1989.

## DECISION

HELEN S. BALICK, Bankruptcy Judge.

The notice which issued from the court and was served by the debtor-in-possession reflects this date as an objection deadline to the proposed sale and the procedure to be followed in participating in the bidding process. We are here today on a pleading filed by Supreme Distributors directed not only toward an objection to sale but also the procedures and restrictions with respect to the bidding process.

■ Much has been made of the *ex parte* aspect of the procedural order. There is nothing in § 363 of title 11, United States Code, which requires a hearing to be held to approve the form of notice or the proce-

dures which are to be followed in connection with any proposed sale.

 Certain aspects of the procedures and restrictions associated with bidding have been characterized as "chilling" in that the deposit is disparate and that there has not been ample time for interested parties to investigate Action to determine whether there is a desire to bid. Representations of counsel and the testimony of Mr. Nigro reveal that the industry is indeed a small one; that it has been street or common knowledge since as early as October that if an actual sale was not in the offing, it was likely that a sale might be. Action has been most cooperative in submitting information to whatever request it has received from Supreme and has indicated a willingness to continue to meet Supreme's needs so that it is in a position to effectively submit a bid on January 3.

I have not overlooked the concerns of Pacific Economy. Obviously, in an industry where I am told there are less than a handful in the business and the news is out about Action's difficulties, any interested party could start making inquiries. I'm aware that preliminary inquiries would not satisfy the need for detailed information, but it appears from the evidence that all that was needed was the initiative to make inquiries. That, together with the December 11 notice is sufficient.

Action has reduced and noticed the reduction of the deposit from $850,000 to $600,000. However, so that the $100,000 difference cannot be cited as dissuading prospective bidders, the December 11 Order is modified to reflect $500,000 as a deposit; telephone communication by Action of that change will be sufficient.

The objection of Supreme is DENIED and the sale process shall go forward.